# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHILLIP J. MONROE**                                      **CIVIL ACTION**

**versus**                                                          **NO. 10-3117**

**WARDEN BURL CAIN**                                  **SECTION: "J" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Phillip J. Monroe, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On March 25, 1999, he was convicted under Louisiana law of unauthorized entry of an inhabited dwelling.[1]  On April 26, 1999, he was found to be a third offender and was sentenced as such to a term of life imprisonment without benefit of probation, parole, or

---

[1] State Rec., Vol. I of III, minute entry dated March 25, 1999; State Rec., Vol. I of III, jury verdict form.

suspension of sentence.[2]  On November 21, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.[3]  The Louisiana Supreme Court then denied petitioner's related writ application on November 16, 2001.[4]

While his conviction and sentence were still before the Louisiana Supreme Court on direct review, petitioner filed with the state district court a Motion to Correct an Illegal Sentence on June 11, 2001.[5]  That motion was denied on June 19, 2001.[6]  His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on August 6, 2001,[7] and by the Louisiana Supreme Court on June 14, 2002.[8]

On July 18, 2006, petitioner filed with the state district court a second Motion to Correct an Illegal Sentence.[9]  That motion was denied on August 2, 2006.[10]  Petitioner's related writ

---

[2] State Rec., Vol. II of III, transcript of April 26, 1999; State Rec., Vol. I of III, minute entry dated April 26, 1999.

[3] State v. Monroe, No. 99-KA-2909 (La. App. 4th Cir. Nov. 21, 2000) (unpublished); State Rec., Vol. II of III.

[4] State v. Monroe, 802 So.2d 621 (La. 2001) (No. 2000-KO-3510); State Rec., Vol. II of III.

[5] State Rec., Vol. I of III.

[6] State Rec., Vol. I of III, minute entry dated June 28, 2001.

[7] State v. Monroe, No. 2001-K-1361 (La. App. 4th Cir. Aug. 6, 2001) (unpublished); State Rec., Vol. I of III.

[8] State ex rel. Monroe v. State, 817 So.2d 1154 (La. 2002) (No. 2001-KH-2596); State Rec., Vol. III of III.

[9] State Rec., Vol. III of III; State Rec., Vol. I of III, minute entry dated July 18, 2006.

[10] State Rec., Vol. I of III, minute entry dated August 2, 2006.

application was then denied by the Louisiana Fourth Circuit Court of Appeal on February 14, 2007,[11] and he did not seek review of that judgment by the Louisiana Supreme Court.

On an unknown date in 2009, petitioner apparently filed with the state district court a third Motion to Correct an Illegal Sentence which was denied on May 27, 2009.[12]  His related writ applications were then also denied by the Louisiana Fourth Circuit Court of Appeal on June 25, 2009,[13] and by the Louisiana Supreme Court on May 21, 2010.[14]

In the interim, on September 4, 2009, petitioner apparently filed with the state district court a fourth Motion to Correct an Illegal Sentence.  When the court failed to rule on that motion, petitioner filed an application for writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[15]  The Court of Appeal denied that application on December 21, 2009.[16]  The Louisiana Supreme Court likewise denied petitioner's related writ application on January 7, 2011.[17]

---

[11]   State v. Monroe, No. 2007-K-0155 (La. App. 4th Cir. Feb. 14, 2007) (unpublished); State Rec., Vol. III of III.

[12]   State Rec., Vol. I of III, letter to petitioner from Judge Lynda Van Davis dated May 27, 2009.

[13]   State v. Monroe, No. 2009-K-0763 (La. App. 4th Cir. June 25, 2009) (unpublished); State Rec., Vol. III of III.

[14]   State ex rel. Monroe v. State, 36 So.3d 223 (La. 2010) (No. 2009-KH-1708); State Rec., Vol. III of III.

[15]   State Rec., Vol. III of III.

[16]   State v. Monroe, No. 2009-K-1560 (La. App. 4th Cir. Dec. 21, 2009) (unpublished); State Rec., Vol. III of III.

[17]   State ex rel. Monroe v. State, ___So.3d ___ , 2011 WL 382985 (La. 2011) (No. 2010-KH-0145).

While that application was still pending before the Louisiana Supreme Court, petitioner filed the instant federal application for *habeas corpus* relief on June 28, 2010.[18]  The state argues that petitioner's federal application is untimely.[19]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[20]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on November 16, 2001.  Therefore, under § 2244(d)(1)(A), his conviction and sentence became "final" on February 14, 2002, when his period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).  Accordingly, his one-year period for seeking federal *habeas corpus* would normally have commenced on that date.

However, the AEDPA also provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. §

---

[18]  Rec. Doc. 1.

[19]  Rec. Doc. 11.

[20]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

2244(d)(2).  As of February 14, 2002, the date on which his conviction and sentence became final and the federal limitations would have normally commenced, petitioner arguably had already tolled his limitations period by filing his first Motion to Correct an Illegal Sentence on June 11, 2001.

Out of an abundance of caution, the Court will assume that the filing of the motion tolled the federal limitations period.[21]  The Court will further assume that the limitations period remained tolled until the Louisiana Supreme Court denied relief on June 14, 2002.  See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004) (statutory tolling continues uninterrupted for the duration of the post-conviction proceedings, so long as the petitioner sought supervisory review in a timely manner).

However, even under that scenario, the federal limitations period commenced no later than June 14, 2002.[22]  Accordingly, the limitations period expired no later than June 16, 2003,[23] unless that deadline was further extended by additional tolling.

---

[21]  The state argues that petitioner should receive no tolling credit for the 2001 motion because it was filed prior to the conclusion of direct review and, therefore, was not "properly filed" under state law.  However, the state courts did not deny the motion on that basis.  In light of that fact, and because petitioner's federal application is clearly untimely regardless, the Court believes that the better course is simply to assume for the purposes of this decision that the motion entitled petitioner to tolling under § 2244(d)(2).

[22]  The Court notes that a petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[23]  The one-year limitations period would normally have expired on June 14, 2003.  However, because that date fell on a Saturday, the period was extended through the following Monday.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

Petitioner filed no other state applications at any time prior to June 16, 2003. Therefore, he clearly is not entitled to further statutory tolling.[24]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner argues that he is entitled to equitable tolling because he lacked effective counsel to pursue a timely application.[25]  Although petitioner had no counsel in his state post-conviction proceedings or in this federal *habeas corpus* proceeding, he had no right to counsel in the proceedings.  Coleman v. Thompson, 501 U.S. 722, 752 (1991); Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002); Johnson v. Hargett, 978 F.2d 855, 859 & n.15 (1992).  Moreover, the mere fact that he was left to pursue post-conviction and federal *habeas* relief *pro se* is not a "rare and exceptional" circumstance which warrants equitable tolling.  Felder v. Johnson, 204 F.3d 168, 171

---

[24]  Although petitioner later filed three other post-conviction motions, he cannot be granted statutory tolling for post-conviction motions filed after the expiration of the federal statute of limitations.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[25]  Rec. Doc. 13, p. 2.

(5th Cir. 2000); <u>Wesley v. Cain</u>, Civ. Action No. 08-3687, 2009 WL 3190693, at *2 (E.D. La. Sept. 30, 2009).

Petitioner also argues that he should be granted equitable tolling because he claims he is innocent.[26]  However, that argument is foreclosed by existing jurisprudence which clearly establishes that equitable tolling of the federal limitations period is not warranted simply because the petitioner claims he is actually innocent.  <u>Henderson v. Thaler</u>, 626 F.3d 773, 780-81 (5th Cir. 2010); <u>Cousin</u>, 310 F.3d at 849 (5th Cir. 2002); <u>Felder</u>, 204 F.3d at 171.

For the foregoing reasons, petitioner has not established that he is entitled to equitable tolling.  Further, this Court knows of no reason that would support equitable tolling of the statute of limitations in the instant case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 16, 2003, in order to be timely.  Because his federal application filed no earlier than June 28, 2010,[27] it is untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Phillip J. Monroe be **DISMISSED WITH PREJUDICE**.

---

[26]  Rec. Doc. 13, p. 2.

[27]  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner signed his federal application on June 28, 2010, which is the earliest date he could have presented it to prison officials for mailing.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[28]

New Orleans, Louisiana, this twenty-fifth day of February, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.